# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIEN HOUSER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 25-1875 |
| | : | |
| **ANTHONY LETIZIO,** | : | |
| **SUPERINTENDENT J. TERRA,** | : | |
| **JOSEPH WALSH, CHCA HUNER,** | : | |
| **DEPUTY SIPPLE, DEPUTY** | : | |
| **HENSLEY, JANE/JOHN DOE,** | : | |
| **JANE/JOHN DOE BUREAU OF** | : | |
| **HEALTH CARE SERVICES FINAL** | : | |
| **DECISION MAKERS** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                         **October 3, 2025**

An incarcerated person allegedly suffering from 2004 knee damage and hospitalization now sues his Facility's officials and medical providers for inadequate medical care at largely unpleaded times. We screened and then dismissed his complaint approximately three months ago with leave to amend. He now amended and added two more state actors. He does not specifically identify dates or specifically identify the state actors in several allegations, but we liberally construe some of his broad allegations of denial of medical care and allow them to proceed subject to defenses under the two-year statute of limitations against all the named state actors except the medical doctor. He still does not state a claim against the medical doctor. We must dismiss the claims against the medical doctor. But we are mindful of his custodial status and present difficulty in reviewing mail. We grant him several weeks to consider and file a second amended Complaint to plead claims against the medical doctor and grant him leave (if he wishes) to plead conduct (with approximate dates of challenged conduct) against each specific state actor occurring since April 7, 2023 before we proceed into service upon the state actors.

I. **Pro se alleged facts**

The incarcerated Darien Houser returns pro se with an amended Complaint asserting an Eighth Amendment denial of medical care claim against officials and medical providers at SCI-Phoenix.[1] He alleges the state actors failed to provide adequate pain medication and reconstructive surgery for his left knee while incarcerated. He alleges damage to his knee beginning over twenty years ago. He attaches medical records from a March 2004 hospital admission documenting a gunshot wound to his knee relating to an incident with police. Mr. Houser alleges the condition of his knee has deteriorated in the twenty years since his 2004 injury and requires surgery, pain management, a wheelchair, and knee and leg braces.[2]

We review the facts as to each state actor:

- Superintendent Terra is the Facility's "final decisionmaker" including the Facility grievance system and has personal knowledge of Mr. Houser's medical complaint, pain, need for medical devices and surgery, "personally seen" Mr. Houser's legs, and discussed the need for surgery and "constant pain."[3]

- Health Care Administrator Huner oversees the Facility's medical department, responded to Mr. Houser's grievances, refused or failed to act on Mr. Houser's serious medical condition needing pain management, a wheelchair, and knee braces, and "personally addressed" Mr. Houser's need for pain management and medical equipment.[4]

- Deputy Sipple and Deputy Hensley are "in charge of" Facility management and medical department management and have both "seen and have personal knowledge" of Mr. Houser's "deformity," his constant pain, and need for surgery, leg braces, and need for a wheelchair ultimately given to him in July 2025.[5]

- Physician Assistant Walsh, at an unpleaded time, treated Mr. Houser during sick call assessments and denied him adequate, appropriate, and effective pain medication, and called Mr. Houser "a junkie" when refilling pain medication, and on one unidentified occasion refused to provide treatment and instead called Correction Officers to remove Mr. Houser from the medical area.[6]

- Dr. Letizio received Mr. Houser's medical records but denied him a wheelchair in late 2023. Mr. Houser concedes someone provided him a wheelchair in July 2025.[7]

- Jane/John Doe Defendant "decisionmakers" from the Bureau of Health Care Services who review Mr. Houser's grievances did not review the grievances or acquiesced to the Facility's medical staff and Superintendent Terra's earlier responses to Mr. Houser's requests for medical care.[8]

- Mr. Houser alleges "[a]ll defendants" are liable for the denial of medical care because they have personal knowledge of his pain and his increasingly worsening condition in Winter 2024, denied him a wheelchair to traverse the Facility, and denied his requests to be moved to a different section of the Facility to be closer to the medical area and family visiting room.[9]

**II. Analysis**

Congress requires us to now screen an amended complaint in a civil action brought by an incarcerated person "seek[ing] redress from a governmental entity or officer or employee of a governmental entity."[10] Congress directs our screening "shall identify cognizable claims" or dismiss all or part of a complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief."[11] We may also screen an incarcerated person's complaint under section 1915(e)(2)(B) requiring us to dismiss an action at any time if we determine it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[12]

When considering whether to dismiss a complaint for failure to state a claim under section 1915A(b)(1) and section 1915(e)(2)(B)(ii), we apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[13] Rule 12(b)(6) requires Mr. Houser to plead enough facts to state a claim for relief plausible on its face.[14]

As we explained to Mr. Houser three months ago, he must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States to plausibly state a claim under section 1983.[15] Facility officials violate the Eighth Amendment when

3

they are deliberately indifferent to an incarcerated person's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed."[16] To state a claim for the failure to provide medical care, Mr. Houser must allege facts showing Facility officials were deliberately indifferent to his serious medical needs.[17]

A Facility official is not "deliberately indifferent" for purposes of an Eighth Amendment claim "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[18] Deliberate indifference may take the form of the response by medical personnel to an incarcerated person's medical needs, or the intentional denial or delay of access to medical care, or intentional interference with treatment once prescribed.[19] Deliberate indifference is a subjective standard consistent with recklessness.[20] Our Court of Appeals finds deliberate indifference in inadequate medical care cases where objective evidence of a serious need for care is ignored and where "necessary medical treatment is delayed for non-medical reasons."[21]

We also explained Pennsylvania's two-year statute of limitations for personal injury actions applies to Mr. Houser's civil rights claims.[22] We told Mr. Houser we will use April 7, 2025—the date he mailed his original Complaint—for the two-year statute of limitations unless he alleges (and later supports with sworn statements) facts to support exhaustion of his administrative remedies under the Prison Litigation Reform Act tolling the two-year period. We explained Mr. Houser must allege unconstitutional conduct beginning April 7, 2023 to be within the statute of limitations and facts bearing on tolling.

### A. The statute of limitations bars claims before April 7, 2023.

Mr. Houser continues to cite events from 2004 or does not identify the time period he claims a denial of medical care. We see allegations challenging conduct in "late 2023," "winter of 2024," and grievances in December 2024 and the first half of 2025 in documents attached to the amended Complaint.

We already gave Mr. Houser a chance to amend his Complaint to allege conduct within the limitations period and facts on exhaustion to support tolling during the limitations period. He continues to allege conduct outside the limitations period and elected not to allege facts on exhaustion to support tolling.

Claims based on allegations of denied medical care before April 7, 2023 are dismissed as barred by the statute of limitations. We will allow Mr. Houser one last chance to amend his pleading to allege conduct within the limitations period including facts identifying which specific state actor allegedly denied him medical care.

### B. We allow Mr. Houser to amend his Complaint to allege constitutionally deficient denial of medical care.

Our Framers' prohibition on cruel and unusual punishment in the Eighth Amendment forbids state actors' deliberate indifference to serious medical needs of incarcerated persons. Mr. Houser must allege (1) a serious medical need; (2) the Facility officials' deliberate indifference to his need; and (3) the deliberate indifference caused him harm.[23]

We explained to Mr. Houser a disagreement with medical care provided to him is not the same as the denial of medical care.[24] Disagreement as to the proper medical treatment does not support an Eighth Amendment claim.[25] Medical care treatment is presumed proper absent evidence showing it violated professional standards of care.[26]

5

We fairly infer from Mr. Houser's amended Complaint Superintendent Terra, Health Care Administrator Huner, and Deputies Hensley and Sipple knew—through either discussions with Mr. Houser and actually witnessing his legs—he needed surgery and pain management.[27] Although not explicitly alleged, we can plausibly infer Superintendent Terra, Health Care Administrator Huner, and Deputies Hensley and Sipple denied Mr. Houser necessary surgery and/or effective pain management, leg braces and other medical devices.[28] We do not dismiss this claim today.

Mr. Houser alleges Physician Assistant Walsh denied him constitutionally sufficient medical care. The allegation against Physician Assistant Walsh is a denial of pain medication at an unidentified time and refusal of care at another unidentified time. We again do not know when these events occurred. Mr. Houser states a claim against Physician Assistant Walsh assuming the alleged conduct occurred after April 7, 2023.

Mr. Houser alleges he gave Dr. Letizio a copy of medical records in late 2023 presumably to demonstrate a need for surgery and other treatment for his worsening condition. Mr. Houser does not allege Dr. Letizio denied medical care with deliberate indifference to his need. There is reference to the denial of a wheelchair, ultimately given to Mr. Houser in July 2025, but no allegation Dr. Letizio denied Mr. Houser a wheelchair or other medical care. We allow Mr. Houser to amend his complaint one last time to allege constitutionally violative conduct against Dr. Letizio.

Mr. Houser additionally alleges "all defendants" refused to provide adequate pain medication and necessary surgery, ignored at an unidentified time recommendations made by Global Diagnostic Services for additional medical testing of his knee, and refused him a wheelchair (ultimately provided in July 2025).[29] Allegations against "all defendants" without specifying

6

which state actor and then lumping their conduct all together does not put each Defendant on notice of a claim under Rule 8, and does not allege each state actor's personal involvement in the alleged constitutional harm.[30]

## III. Conclusion

Claims against Superintendent Terra, Health Care Administrator Huner, Deputies Hensley and Sipple, and Physician Assistant Walsh (assuming the conduct occurred after April 7, 2023) for the denial of medical care may go forward. But we will hold service on these persons to afford Mr. Houser leave for one last chance to amend his complaint to assert claims against Dr. Letizio and, if possible, specify the Facility officials and dates of their alleged conduct.

---

[1] ECF 28. Mr. Houser sues Facility Superintendent Joseph Terra, Corrections Health Care Administrator Britney Huner, Deputy Superintendent Mandy Sipple, Deputy Superintendent Charles Hensley, the Facility's medical providers Dr. Anthony Letizio and Physician Assistant Joseph Walsh, and Jane/John Does and "Jane/John Doe Bureau of Health Care Services Final Decision Makers." Mr. Houser first filed his complaint on April 10, 2025. We granted Mr. Houser's motion to proceed without paying the filing fees, screened his Complaint under 28 U.S.C. § 1915(e)(2), and ordered the Clerk of Court to issue summons and service by the U.S. Marshal Service. ECF 5, 6. Superintendent Terra, Deputy Superintendent Sipple, and Corrections Health Care Administrator Huner moved to dismiss the Complaint. We dismissed on July 10, 2025 Mr. Houser's claims against Facility officials in their official capacities with prejudice and dismissed claims asserted in the officials' individual capacity without prejudice to filing an amended Complaint by August 13, 2025 alleging their personal involvement in the constitutional deprivation within the two-year statute of limitations. ECF 14, 15. At the time of our Order, Dr. Letizio had not been served. Dr. Letizio later moved to dismiss the Complaint arguing Mr. Houser did not state a constitutional claim for deliberate indifference to a serious medical claim and the statute of limitations bars Mr. Houser's claims. ECF 25.

Mr. Houser then filed an Emergency Notice and Motion for reconsideration (ECF 26, 27) advising he did not receive our Order allowing him to amend his Complaint by August 13, 2025 until August 25, 2025, two weeks after the amendment deadline because of issues with mail service at the Facility. ECF 26. We accepted Mr. Houser's September 16, 2025 amended Complaint (ECF 28) adding Deputy Hensley, Physician Assistant Joseph Walsh, and Jane/John Doe Bureau of Health Care Services Final Decision Makers as defendants subject to our screening obligations under section 1915 and dismissed Dr. Letizio's Motion to dismiss as moot. ECF 29.

[2] Mr. Houser alleges he exhausted his administrative remedies challenging his medical treatment "into 2025." ECF 28 ¶ 13. We remind Mr. Houser and the state actors of our Circuit's guidance last month concerning an incarcerated person's obligation to provide sworn statements (not

7

unsworn allegations) regarding exhausting the internal grievance process when facing arguments challenging the incarcerated person's exhaustion of the internal grievance process. *Lauria v. C.O. Lieb, et al.*, No. 24-1461, -- F.4th ---, 2025 WL 2628170 (3d Cir. Sept. 12, 2025).

[3] ECF 28 ¶ 4.

[4] ECF 28 ¶ 5; ECF 28 at 9, Initial Review Response of Inmate Grievance signed by Administrator Huner.

[5] ECF 28 ¶ 6.

[6] ECF 28 ¶ 7.

[7] ECF 28 ¶ 10.

[8] ECF 28 ¶ 8. Mr. Houser attached two Final Appeal Decisions from Chief Grievance Officers D. Varner and Keri Moore in February and May 2025 responding to his grievances explaining the staff at the Bureau of Health Care Services reviewed his concerns and determined medical care provided is reasonable and appropriate. ECF 28 at 11, 12.

[9] ECF 28 ¶¶ 3, 9, 11.

[10] 28 U.S.C. § 1915A(a).

[11] *Id.* § 1915A(b).

[12] *Id.* § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc).

[13] *Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (applying Rule 12(b)(6) dismissal for failure to state a claim analysis to screening under section 1915A(b)(1)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000) (applying Rule 12(b)(6) dismissal for failure to state a claim to screening under section 1915(e)(2)(B)).

[14] A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked

assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that . . . 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' . . . in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations . . . and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'. . ., we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Schneyder v. Smith,* 653 F.3d 313, 319 (3d Cir. 2011). Congress in section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .." 42 U.S.C. § 1983.

[16] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

[17] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

[18] *Id.* at 837.

[19] *Estelle*, 429 U.S. at 104–05.

[20] *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)).

[21] *Id.* (quoting *Natale*, 318 F.3d at 582).

[22] *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015).

[23] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023).

[24] *Pearson,* 850 F.3d at 535 (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)).

[25] *Id.* (quoting *Monmouth Cnty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)).

[26] *Id.* (quoting *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)).

[27] We remind Mr. Houser the alleged conduct must have occurred after April 7, 2023 or otherwise be tolled to be within the two-year statute of limitations.

---

[28] Mr. Houser, by his own pleading, received a wheelchair in July 2025.

[29] ECF 28 ¶¶ 3, 9, 11. We earlier explained to Mr. Houser he must allege personal involvement to state a claim against the Facility officials in their individual capacities. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Facility officials may not be held liable under section 1983 based only on a respondeat superior theory of liability. *Id.* Facility officials may only be liable where the incarcerated person alleges facts to show personal involvement in the alleged misconduct, requiring particular "allegations of personal direction or of actual knowledge and acquiescence." *Id.*

[30] Federal Rule of Civil Procedure 8 requires a complaint to "contain enough factual allegations to permit the court to conclude a defendant 'is liable for the alleged misconduct alleged.'" *Martinez v. Kraft Heinz Co., Inc.*, No. 25-377, 2025 WL 2447793, at * 3 (E.D. Pa. Aug. 25, 2025) (quoting *Corbin v. Bucks Cnty.*, 703 F. Supp. 3d 527, 532 (E.D. Pa. 2023)). It must also "provide fair notice" to a defendant "of what the claim is and the grounds upon which it rests" to which a defendant may "respond on the merits." *Garrett v. Wexford Health*, 938 F.3d 69, 92–94 (3d Cir. 2019).